TAYLOR, Presiding Judge.
The appellant, John Morrow, appeals from the dismissal of his petition for a writ of habeas corpus. The appellant, an inmate at Fountain Correctional Center, filed a petition for a writ of habeas corpus, contending that he is being unlawfully denied a reduction in the time he is required to be in custody because an outstanding detainer is pending against him in Florida. Specifically, the appellant contends that there has been no final disposition of the detainer filed againát him in Florida as required by the Uniform Mandatory Disposition of Detainers Act, § 15-9-80 et seq., Code of Alabama 1975.
The state filed a motion to dismiss, stating:
“Respondent contends that the detainer lodged against him from Escambia County, Florida is for a probation violation (see affidavit of Betty Teague). Title 15-9-80, et seq. does not encompass detainers for probation violations. Said title deals with detainers based upon untried indictments, information and/or complaints.”
The court correctly granted the state’s motion to dismiss. Article I of the Agreement of Detainers, contained in § 15-9-81, states:
“The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informa-tions or complaints and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and ordérly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, in-formations or complaints. The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures.”
(Emphasis added.)
In the current case, the record reflects that the detainer filed against the appellant was for a probation violation. The Uniform Mandatory Disposition of Detainers Act does not apply to probation proceedings. Article I clearly states that it pertains to “untried indictments.”
For the foregoing reason, the court correctly dismissed the appellant’s petition for a writ of habeas corpus.
AFFIRMED.
All the Judges concur.